# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| ROBERT GREENE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIV-18-484-R |
|  | ) |  |
| BROTHERS STEEL ERECTORS, LLC, a Foreign Company, et al. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

Before the Court is the Motion for Partial Summary Judgment filed by Defendant Brothers Steel (Doc. No. 100). Therein Defendant Brothers Steel asserts that it is entitled to summary judgment on Plaintiff's claim for punitive damages, because Plaintiff lacks sufficient evidence to meet his burden of providing clear and convincing evidence that its employee's behavior was reckless. Plaintiff responded in opposition to the motion urging that summary judgment is inappropriate. (Doc. No. 110). Having considered the parties' submissions, the Court finds as follows.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the

evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The case stems from severe injuries Plaintiff suffered while working on a construction site in Yukon, Oklahoma. Plaintiff, working for the HVAC contractor, was picking up trash from the roof of a building and picked up a pallet that he believed was to be discarded. The pallet, unfortunately, was covering a hole in the roof that had been cut by Javier Cruz, foreman for Brothers Steel, allegedly at the request of Defendant R&T Acoustics. Mr. Cruz cut the hole and in apparent realization that no one was available to work on the framing for the roof hatch, used a pallet to cover the hole. He did not, however, secure the pallet to the rooftop. When Mr. Greene lifted the pallet, he stepped into the hole and fell through to the ground below, suffering substantial injuries.

The Court notes that it must apply the substantive law of Oklahoma. *Napier v. Cinemark USA, Inc.*, 635 F. Supp. 2d 1248, 1250 (N.D. Okla. 2009) ("A federal court sitting in diversity must apply the substantive law of the forum state."). In Oklahoma, punitive damages are generally considered to be an element of recovery of the underlying cause of action; a request for punitive damages is not a separate cause of action. *Rodebush v. Okla. Nursing Homes, Ltd.*, 867 P.2d 1241, 1247 (Okla. 1993). Regardless, the Court finds it is appropriate to exercise its gatekeeping function at this juncture because there is no evidence of recklessness by Defendant Brothers Steel through its employee, Javier Cruz.

2

*See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005)("Whether that showing has been made remains an issue of law for the trial court in its role as gatekeeper to determine ... whether there is competent evidence upon which a reasonable jury could find reckless disregard . . . .").

In support of his quest for punitive damages against Brothers Steel Plaintiff relies on 23 O.S. § 9.1, which permits such a recovery where the jury finds by clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others. 23 O.S. § 9.1(A). Conduct is in reckless disregard of another's rights if the defendant was "aware, or did not care, that there was a substantial and unnecessary risk that its conduct would cause serious injury to others." Okla. Uniform Jury Instructions (Civ. 3d) No. 5.6. "In order for the conduct to be in reckless disregard of another's rights, it must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person." *Id.*; *see Black v. M & W Gear Co.*, 269 F.3d 1220, 1239-40 (10th Cir. 2001).

Although Plaintiff is correct that Defendant's foreman failed to secure the rooftop opening and to clearly mark the same in accordance with its own policies and industry standards, he did not leave the hole uncovered. Rather, he used a pallet to cover the hole, offering protection for anyone who walked on the roof. It is not disputed that Plaintiff's fall through the roof was an accident—there is no evidence in the record of any intent on the part of Defendant Cruz, and it is well settled in Oklahoma that "the mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence." *Hinds v. Warren Transport, Inc.*, 882 P.2d 1099, 1102. The

Court finds that none of the facts pointed out by Plaintiff, even if true, would demonstrate gross negligence on the part of Defendant Brothers Steel.

For the reasons set forth herein, the motion for partial summary judgment filed by Defendant Brothers Steel is GRANTED.

**IT IS SO ORDERED** this 24th day of April 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE