# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-18-484-R |
| | ) | |
| BROTHERS STEEL ERECTORS, LLC, a Foreign Company, et al. | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Summary Judgment filed by Defendant R&T Acoustics. (Doc. No. 104). Plaintiff responded in opposition to the motion urging that summary judgment is inappropriate. (Doc. No. 114). Intervenor Liberty Mutual (Doc. No. 117) and co-Defendant Brothers Steel (Doc. No. 112) also filed response briefs. Having considered the parties' submissions, the Court finds as follows.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of

summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Defendant R&T Acoustics argues that Plaintiff lacks admissible evidence that it played any role in the August 26, 2016 incident in which Mr. Greene fell through the roof of a building under construction in Yukon, Oklahoma after co-defendant Brothers Steel cut a hole in the roof and failed to properly secure a covering over the hole. Both Brothers Steel and R&T Acoustics were contractors on the jobsite working with the general contractor, Stewart Perry. Plaintiff contends that Defendant R&T Acoustics asked Javier Cruz, an employee of Brothers Steel, to cut the hole for purposes of framing out the roof hatch. Plaintiff's ability to proceed against R&T Acoustics is impacted by the unavailability of Mr. Cruz, whose whereabouts are unknown. Although Mr. Cruz placed a telephone call to the Brothers Steel home office in Alabama after the incident and indicated to Yolanda Mata and Jose Deras that he cut the hole because an unidentified employee of R&T Acoustics asked him to do so, there is no basis for admitting the testimony of Ms. Mata or Mr. Deras or Ms. Mata's written notes commemorating her conversation with Mr. Cruz, because the statements would be hearsay. Neither Plaintiff, intervenor Liberty Mutual nor co-Defendant Brothers Steel has identified a legitimate legal basis for concluding that the statements are not hearsay or are subject to a hearsay exception.

Hearsay is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). It is inadmissible unless an exception applies. Fed. R. Evid. 802. Mr. Cruz allegedly told Ms. Mata that a framer,

alleged by Plaintiff to be an employee of R&T Acoustics, asked him to cut the roof hole. This statement is offered for the truth of the matter, and therefore, it is hearsay and admissible only if it falls under one of the exceptions to the hearsay rule.

In response to Defendant's motion Plaintiff argues that Rule 801(d)(2) applies and Mr. Cruz's statement is not hearsay. That rule, however, applies to statements offered against an opposing party when the statement was made by that party's employee, acting within the scope of his employment. Fed. R. Evid. 801(d)(2)(D). If Plaintiff intended to offer statements by Mr. Cruz against Defendant Brothers Steel, such statements could fall within the parameters of Rule 801(d)(2). *See* 30B Charles Alan Wright, et al., *Federal Practice & Procedure* § 6772 (2018 ed.)("If the party objecting to (and later complaining about) a statement's admission is the party who made the statement, Rule 801(d)(2) has been properly applied.") Statements made by Mr. Cruz that implicate R&T Acoustics do not meet this standard, and thus are not admissible under § 801(d)(2). Accordingly, Mr. Cruz's statements to and through Ms. Mata and Mr. Deras are inadmissible hearsay and cannot be used to defeat summary judgment.[1]

Plaintiff also seeks to rely upon the contents of an Incident Report completed by Chris Gist, project superintendent for Defendant Stewart Perry, immediately after the accident. That report, to the extent it is offered for truth, is hearsay. The intervenor contends the report is admissible as a business record under Rule 803(6). Regardless of whether the

---

[1] Intervenor Liberty Mutual argued in response to the motion that Mr. Cruz's statement was an excited utterance admissible under Rule 803. There is no evidence, however, regarding the timing of Mr. Cruz's statements to Ms. Mata or Mr. Deras or to his mental state at the time he made the statement, specifically that he was "under the stress of excitement that [the event] caused," such that the Court could conclude that Rule 803(2) applies.

3

report itself is a business record, however, the statements therein are hearsay and would be inadmissible without an exception. *See* Fed. R. Evid. 805 (allowing hearsay within hearsay only "if each part of the combined statements conforms with an exception to the rule"); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 650 (10th Cir. 2008) ("For hearsay within hearsay to be admitted as evidence, a hearsay exception must apply to each link of the chain."). The Incident Report reads, in relevant part:

> Two contractors giving 2 different stories, the steel erector says that he was told by one of the drywall crew that they needed the Roof hatch cut out so that they could install wood blocking and then screw a sheet of plywood over the hole. After the hole was cut no drywall crew members [on] roof so they placed a wood pallet over hole. The drywall contractor says that their forman (sic) asked when was the hole going to be cut, but they did not say anything about installing or blocking or placing plywood over the hole today.

Doc. No. 114-6. At best the statement by the unidentified foreman for R&T Acoustics indicates that its employee asked when a hole would be cut -- it does not support the conclusion that Defendant R&T Acoustics asked for a hole to be cut at that time. The statement from the steel erector that implicates Defendant R&T Acoustics, presumably made by the now-unavailable Mr. Cruz, is not admissible, because it is hearsay and does not fall within any exception.[2]

---

[2] Mr. Gist testified in deposition that he did not recall with whom he spoke on behalf of Brothers Steel. If it was anyone other than Mr. Cruz it would likely add another layer of hearsay to the issue of admissibility.
Brothers Steel contends that certain statements of Mr. Cruz are admissible under Rule 803(1), the hearsay exception for "a statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Again, the Court has no information regarding when Mr. Cruz made the call to Ms. Mata at the Brothers Steel home office and relayed information about cutting the hole. However, it was at least three hours between when the hole was cut and the accident, and therefore more than three hours between the request for the hole and the telephone conversation. As a result, the Court concludes that Rule 803(1) would not apply.

Mr. Cruz's lack of availability and the absence of any exception to the admission of his out-of-court statements implicating R&T Acoustics present an insurmountable obstacle to Mr. Greene at the summary judgment stage.[3] Absent evidence that Defendant R&T Acoustics played a role in the creation of the hole, Plaintiff cannot establish that it was negligent. Therefore, Defendant R&T Acoustics is entitled to summary judgment and its motion is therefore GRANTED.

**IT IS SO ORDERED** this 24th day of April 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] In its response to the motion Liberty Mutual relies in part on the testimony of Plaintiff's co-worker, Matt Allison, who was present after Mr. Greene fell into the hole and observed people fighting over the accident. Mr. Allison's testimony, however, does not move Plaintiff toward establishing a case against R&T Acoustics.

> They were arguing about, you told me to cut the hole and you were going to come in behind me and go ahead and put the hatch together. And then the other one said, I did not say that. And then they said, yes, you did. And they said, no you didn't. Yes, I did. So on and so on, back and forth, so.

(Doc. No. 117-3, p. 94). Mr. Allison's deposition testimony does not sufficiently identify the people involved in the conversations. He indicates that "the old man and the Mexican guy" were arguing and that both were employed by the framers. (*Id.* p. 59). This version of events is not consistent with Plaintiff's theory that an employee of R&T Acoustics, the framer, asked Mr. Cruz of Brothers Steel, a different employee, to cut the roof hole. Given the absence of reliable identifying information regarding who was party to this conversation, Mr. Allison's testimony does not support a case against R&T Acoustics.