# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-18-484-R |
| | ) | |
| THE STEWART PERRY COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion for Summary Judgment (Doc. No. 105) filed by Defendant The Stewart Perry Company ("Stewart Perry"). Plaintiff Robert Green, Intervenor Liberty Mutual, and co-defendant Brothers Steel, responded in opposition to the motion. (Doc. Nos. 111, 118, 113). Defendant Stewart Perry seeks summary judgment on the issue of liability and with regard to punitive damages. In response to the motion Plaintiff withdrew his claim for punitive damages against this Defendant but argues that disputed facts preclude summary judgment in Defendant's favor. Having considered the parties' submissions, the Court finds as follows.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Id*. To determine whether this standard is met, the court views the evidence in the light most favorable to the non-moving party. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). "[T]he plain language of Rule 56(c) mandates entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Defendant Stewart Perry was the general contractor on a construction project in Yukon, Oklahoma, pursuant to a contract with Czech Hall Investment Partners, LLC. Co-Defendants Brothers Steel and R&T Acoustics were subcontractors of Stewart Perry. Air Conditioning Services, Inc., Plaintiff's employer, was the HVAC subcontractor. On August 26, 2016, Defendant Brothers Steel cut a hole in the roof of the project in an area under construction for use as a Marshalls store.[1] Javier Cruz, the Brothers Steel employee who cut the hole, covered the hole with a wooden pallet because there was no one there to begin work on the roof hatch, the intended use of the hole. Approximately three hours after the hole was cut and covered by the pallet, Plaintiff Greene was picking up trash on the roof and lifted the pallet, intending to use it to weigh down other construction debris. He did not realize the pallet covered a hole, and after lifting the pallet he stepped into the now-open space and fell to the concrete slab below, which resulted in substantial injuries. Plaintiff seeks to recover from Stewart Perry, the general contractor, under a theory of

---

[1] Defendant Brothers Steel contends that its employee cut the hole at the request of an employee of R&T Acoustics. R&T Acoustics denies that its employee asked for a hole to be cut.

negligence. There is no dispute that Stewart Perry did not ask that Brothers Steel cut the hole and that it was unaware the hole had been cut and improperly covered.

Because this case arises under the Court's diversity jurisdiction, the substantive law of Oklahoma applies to this dispute. *Napier v. Cinemark USA, Inc.*, 635 F. Supp. 2d 1248, 1250 (N.D. Okla. 2009) ("A federal court sitting in diversity must apply the substantive law of the forum state."). To establish a prima facie case of negligence, a plaintiff must show: "1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Smith v. City of Stillwater*, 328 P.3d 1192, 1200(Okla. 2014)(citations omitted). Defendant contends that Plaintiff lacks evidence that any action or inaction on its part proximately caused Plaintiff's injuries.

Plaintiff's claim against Stewart Perry is premised on its position as general contractor and its obligation to ensure the entire jobsite was safe, to conduct safety inspections and safety briefings. Defendant Stewart Perry contends it conducted regular safety meeting and inspections, as supported by the affidavit of Eddie Cassell, Senior Project Manager and Director of Safety Operations for Stewart Perry. Plaintiff argues that Defendant has not provided any "evidence that a site inspection was ever performed. This failure directly contributed to Plaintiff's injury." (Doc. No. 111, p. 3). Plaintiff argues that the absence of any safety inspection forms for the months of July or August 2016 supports a finding of causation.

The Court disagrees with Plaintiff's contention that any disputed facts are material to a summary judgment determination and further finds that Plaintiff cannot establish

causation with regard to Defendant Stewart Perry. The undisputed facts indicate that Stewart Perry was not made aware by Brothers Steel that a hole was to be cut on August 26, 2016, and that the hole was in the roof for a period of no more than three hours before Plaintiff lifted the pallet and stepped through. Accordingly, the absence of safety inspections during July or August, other than during the three-hour window the hole was open, could not have caused Plaintiff's injuries. Only a fortuitously timed inspection by Defendant Stewart Perry might have prevented the accident. Even if Stewart Perry had a policy of conducting safety inspections at the beginning and end of each day and documentation to prove the same, the accident would have occurred regardless. "Generally, the proximate cause of an injury in a negligence case is an issue of fact for the jury." *Iglehart v. Bd. of Cty. Comm'rs of Rogers Cty.*, 60 P.3d 497, 504 (Okla. 2002). "It becomes a question of law for the court only when there is no evidence from which a jury could reasonably find a causal nexus between the act and the injury." *Id.* There is no factual basis in the record from which the jury could conclude that the alleged failure to conduct "regular" safety inspections and briefings "set[ ] in motion the chain of circumstances leading to [Plaintiff's] injury." *Id.* Simply stated, there is no evidence to link the absence of safety inspections and briefings to the decision by Javier Cruz to cut a hole in the roof of the building and to walk away therefrom without properly securing the opening. Defendant Stewart Perry is entitled to summary judgment on Plaintiff's negligence claim.

For the reasons set forth herein, Defendant Stewart Perry's Motion for Summary Judgment (Doc. No. 105) is GRANTED.

**IT IS SO ORDERED** this 24th day of April 2019.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE