# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT GREENE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-18-484-R |
| | ) | |
| BROTHERS STEEL ERECTORS, LLC, | ) | |
| THE STEWART PERRY COMPANY, | ) | |
| INC., and R & T ACOUSTICS, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Before the Court is the Motion to Compel (Doc.No. 215) filed by Brothers Steel Erectors, LLC, wherein it requests that the Court order co-Defendant Stewart Perry to produce detailed billing records in support of Stewart Perry's request for attorneys' fees from Brothers Steel Erectors. Stewart Perry responded in opposition to the motion (Doc.No. 216) and Brothers Steel Erectors filed a reply in support of its position. (Doc.No. 217). Upon consideration of the parties' submissions, the Court finds as follows.

Brothers Steel Erectors was a Stewart Perry subcontractor on a construction project when Plaintiff Robert Greene was injured after falling through a hole cut into the roof of the building and covered by a pallet. Mr. Greene lifted the pallet, unaware of its intended purpose, and stepped into the hole, falling to the ground below and suffering injury. Stewart Perry filed a cross-claim against Defendant Brothers Steel Erectors seeking fees for its costs in defending against Mr. Greene's claims. Brothers Steel Erectors' attorney requested billing records from Stewart Perry. Stewart Perry responded by providing an affidavit

summarizing the hours dedicated to this case and the hourly billing rate, both on this case and generally, for the associated attorneys.[1] Brothers Steel Erectors seeks detailed billing records in part because it was not the only subcontractor involved in the case and against which Stewart Perry initially sought indemnification and Stewart Perry was initially sued for its own negligence. As a result, Brothers Steel Erectors contends it is entitled to detailed billing information so that it can ascertain which fees are attributable to its alleged negligence, as opposed to the alleged negligence of Stewart Perry or one or more of the co-defendants.

In response, Stewart Perry contends it has provided sufficient information to Brothers Steel Erectors, it contends an affidavit is sufficient evidence under Oklahoma law to support a request for fees. "Brothers can very easily compare what is contained in the affidavit to the hours worked and fee charged by their own attorneys to determine whether the time spent and the fee charged is reasonable." (Doc.No. 216, p. 4). The Court disagrees.

This case involved multiple subcontractors of Stewart Perry and Brothers Steel Erectors and it appears unlikely that Brothers Steel Erectors is responsible for all of the fees incurred by Stewart Perry. Furthermore, Brothers Steel Erectors is not required to assume that the time expended by Stewart Perry's counsel in defending against the allegations of Mr. Greene as they related to Brothers Steel Erectors would be equal to the

---

[1] According to the affidavit provided to Brothers Steel Erectors by Stewart Perry's counsel, Justin Hall, attorneys devoted 403.13 hours to this case—Stewart Perry's counsel calculates its hours at 411.73, however the numbers it provides add up to 403.13. The rates vary by attorney for a total amount of fees billed of $46,866.30 in addition to $7,911.00 costs. Mr. Hall also cites to the attorneys' regular billing rates, noting the rates here were panel counsel rates, and that a reasonable fee award based on regular rates would be $90,314.00. (Doc.No. 215-1).

time spent by Brothers Steel Erectors' attorneys on its behalf. It is entitled to detailed billing records to assess the reasonableness of the fee request.

For the reasons set forth herein, the Motion to Compel is GRANTED. Stewart Perry's attorneys shall provide detailed billing records to counsel for Brothers Steel Erectors within ten days of entry of this Order.

**IT IS SO ORDERED** this 25th day of November 2019.

_____
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**